**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:**<br><br>**COOPER-BOOTH WHOLESALE COMPANY, L.P.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14519 (MDC)** |
| **In re:**<br><br>**COOPER-BOOTH TRANSPORTATION COMPANY, L.P.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14521 (MDC)** |
| **In re:**<br><br>**COOPER-BOOTH MANAGEMENT COMPANY, INC.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14522 (MDC)** |

**MOTION OF DEBTORS FOR AN ORDER AUTHORIZING AND APPROVING MAINTENANCE AND USE OF EXISTING BANK ACCOUNTS; USE OF EXISTING BOOKS, RECORDS, AND BUSINESS FORMS; AND CONTINUED USE OF EXISTING INVESTMENT GUIDELINES**

Cooper-Booth Wholesale Company, L.P.; Cooper-Booth Transportation Company, L.P.; and Cooper-Booth Management Company, Inc. (collectively, the "Debtors"), by and through their proposed counsel, Maschmeyer Karalis, P.C., hereby seek the entry of an Order Authorizing and Approving Maintenance and Use of Existing Bank Accounts; Use of Existing Books, Records, and Business Forms; and Continued Use of Existing Investment Guidelines (the "Motion"), and in support thereof, respectfully represent:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105 and 345.

## BACKGROUND

4. On May 21, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have remained in possession of their assets and continued management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. A detailed description of the Debtors' businesses and the facts precipitating the filing of the Debtors' Chapter 11 proceedings are set forth in the Declaration of Barry Margolis in Support of First Day Motions. Those facts, to the extent relevant, are incorporated herein by reference.

6. Prior to the Petition Date, the Debtors maintained several bank accounts.

7. The Debtors are requesting relief authorizing them to maintain and use their existing bank accounts at Wells Fargo Bank, N.A. and Integrity Bank (collectively, the "Bank Accounts"). The Bank Accounts are summarized as follows:

| DEBTOR | BANK | ACCOUNT NO. | USE OF ACCOUNT |
|---|---|---|---|
| Cooper-Booth Wholesale Company, L.P. | Wells Fargo Bank | 2000038441859 | Payroll Account |
| Cooper-Booth Wholesale Company, L.P. | Integrity Bank | 031318787 | Operating Account |

8. The Debtors are not seeking authority to maintain their other pre-Petition Date accounts that were located at PNC Bank, N.A. which will all be closed by the Debtors after the Petition Date and the monies deposited into the Bank Accounts.

## **RELIEF REQUESTED**

9. The Debtors respectfully seek the entry of an Order authorizing them to (i) maintain and use, without interruption, their Bank Accounts with the same account numbers; (ii) use their existing books, records, and business forms (collectively, the "Books, Records, and Forms"); and (iii) continue use of their existing investment guidelines.

10. Pursuant to 28 U.S.C. § 586(a)(3) and the *Operating Guidelines and Financial Reporting Requirements Required in All Cases Under Chapter 11* (the "UST Guidelines") established by the Office of the United States Trustee, debtors in possession are required to, among other things: (a) close all existing bank accounts and open new debtor-in-possession bank accounts; (b) establish one debtor-in-possession account for all estate monies required for payment of taxes including payroll taxes; (c) physically set aside all monies required by law to be withheld from employees or collected from others for taxes; (d) open a new set of books and records as of the commencement date of the case; (e) use new business forms indicating the debtor in possession status of the chapter 11 debtor; and (f) make all disbursements of estate funds by check with a notation representing the reason for the disbursement.

11. These requirements are intended to provide a clear line of demarcation between pre-petition and post-petition transactions and operations and to prevent inadvertent payment of pre-petition claims. However, these requirements could cause substantial delay and disruption to the Debtors in the payment of their post-petition obligations and the

conduct of their businesses.

12. In addition, no party in interest will be prejudiced or injured by the Debtors' maintenance of the Bank Accounts in the ordinary course of business. The Debtors strongly believe that if they were required to replace their existing Bank Accounts with new accounts as of the Petition Date pursuant to the UST Guidelines, such requirement would unnecessarily disrupt the Debtors' businesses and impair their efforts to preserve the value of their estates.

13. Courts have waived the UST Guidelines on the grounds they are impractical and potentially detrimental to a debtor's post-petition business operations and restructuring efforts. See, e.g., In re The Philadelphia Orchestra Assoc., Case No. 11-13098 (ELF) (Bankr. E.D. Pa. April 20, 2011); In re Lower Bucks Hospital, Case No. 10-10239 (ELF) (Bankr. E.D. Pa. January 15, 2010); In re Philadelphia Newspapers Inc., Case No. 09-11204 (SR) (Bankr. E.D. Pa. Feb. 22, 2009); In re Wickes Holdings, LLC, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008); In re Delta Fin. Corp., Case No. 0711880 (CSS) (Bankr. D. Del. Dec. 19, 2007); In re Pope & Talbot, Inc., Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007); In re Tweeter Home Entm't Group, Inc., Case No. 0710787 (PJW) (Bankr. D. Del. Jun. 13, 2007).

14. The Debtors also submit that no party in interest will be prejudiced if the Debtors are authorized to continue to use their Books, Records, and Forms substantially in the forms existing immediately prior to the Petition Date.

15. Because parties doing business with the Debtors undoubtedly will be aware of the Debtors' status as debtors-in-possession, changing business forms is unnecessary and unduly burdensome.

16. The Debtors submit that these efforts are prudent and sufficient to protect the interests of parties dealing with the Debtors on a post-petition basis, while avoiding unnecessary expense and administrative delays at this critical time.

17. Courts have allowed debtors to use their pre-petition business forms without the "debtor- in- possession" label. See, e.g., In re The Philadelphia Orchestra Assoc., Case No. 11-13098 (ELF) (Bankr. E.D. Pa. April 20, 2011); In re Lower Bucks Hospital, Case No. 10-10239 (ELF) (Bankr. E.D. Pa. January 15, 2010); In re Philadelphia Newspapers Inc., Case No. 0911204 (SR) (Bankr. E.D. Pa. Feb. 22, 2009); In re Wickes Holdings, LLC, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008); In re Delta Fin. Corp., Case No. 0711880 (CSS) (Bankr. D. Del. Dec. 19, 2007); In re Pope & Talbot, Inc., Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007); In re Tweeter Home Entm't Group, Inc., Case No. 0710787 (PJW) (Bankr. D. Del. Jun. 13, 2007).

18. Section 345(a) of the Bankruptcy Code authorizes deposit or investment of money of estates, such as cash, as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." See, 11 U.S.C. § 345(a).

19. While Section 345(b) requires that, generally, with respect to investments other than investments "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," the estate must require a bond in favor of the United States secured by the undertaking of a court appointed corporate surety, it also allows the court to dispense with this limitation "for cause."

20. The Debtors submit that "cause" exists for the court to allow the Debtors to

continue investing and depositing their cash in accordance with their pre-petition cash procedures (the "Investment Guidelines"). The Debtors submit that the Investment Guidelines provide sufficient protection for their cash and that it would he in the best interest of Debtors, their estates and the creditors for Debtors to continue with these Investment Guidelines. The yield on investments under the Investment Guidelines will be greater than if the Debtors were restricted to direct investments solely in government securities. When considered in the context of the sums of money that are being invested, continued investment under the Investment Guidelines could result in greater returns for the Debtor's estate over time with little additional investment risk.

**WHEREFORE,** the Debtors respectfully request that this Court enter an Order granting the relief requested herein and for such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**MASCHMEYER KARALIS P.C.**

By: /s/ Robert W. Seitzer
ARIS J. KARALIS
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
Proposed Attorneys for the Debtors

Dated: May 21, 2013