**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:**<br><br>**COOPER-BOOTH WHOLESALE COMPANY, L.P.**<br><br>**Debtor** | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14519(MDC)** |
| **In re:**<br><br>**COOPER-BOOTH TRANSPORTATION COMPANY, L.P.**<br><br>**Debtor** | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14521(MDC)** |
| **In re:**<br><br>**COOPER-BOOTH MANAGEMENT COMPANY, INC.**<br><br>**Debtor** | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14522(MDC)** |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §363(c) AND FED.R.BANKR.P. 4001, AUTHORIZING DEBTORS TO USE CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION**

**AND NOW,** upon consideration of the Debtors' Motion for Entry of an Order, Pursuant to 11 U.S.C. §363(c) and Fed.R.Bankr.P. 4001 Authorizing Debtors to Use Cash Collateral and Provide Adequate Protection (the "Motion"), and after notice and hearing, it is hereby **ORDERED** that:

1. The Debtors are authorized to use "cash collateral" as that term is defined in §363(a) of the Bankruptcy Code ("Cash Collateral") during the period from the date of the commencement of its Chapter 11 case (the "Petition Date") through June 15, 2013.

2. The Debtors' use of Cash Collateral through June 15, 2013, shall be for the purposes of paying all reasonable and necessary expenses related to the operation of their respective businesses in accordance with the budget attached to this Order as Exhibit "A."

3. To the extent of any diminution in the value of the pre-petition cash collateral of PNC Bank, PNC Bank is hereby granted a valid, binding, enforceable and perfected post-petition replacement liens (to the extent of and in the same priority and validity as its respective pre-petition security interests and liens in its pre-petition collateral) on the Debtors' assets created or acquired after the Petition Date, but limited to only those types and descriptions of collateral in which PNC Bank holds a pre-petition lien or security interest as of the Petition Date (the "Replacement Liens"); provided, however, that such liens and security interests shall be limited to the extent that the Debtors use Cash Collateral and to the extent that the value of the pre-petition collateral diminishes as a result thereof. The Replacement Liens shall have the same priority and validity as pre-petition security interests and liens held by PNC Bank in its pre-petition collateral as of the Petition Date.

4. This Order authorizing the use of Cash Collateral shall be sufficient and conclusive evidence of the validity of PNC Bank's replacement liens upon the Debtors' post-petition Cash Collateral without the necessity of filing or recording by PNC Bank of any financing statements, or other documents which may otherwise be required under the laws of any jurisdiction or the taking of any action to validate or protect the post-petition replacement security interests and liens granted to PNC Bank by this Order.

5. This Order is without prejudice to the rights of the Debtors' creditors, any trustee appointed herein, or other parties in interest, to contest the validity, extent or priority of

any rights granted to PNC Bank by any pre-petition loan agreement or any security interest arising out of or related to any such pre-petition loan agreement.

6. A further hearing to consider whether the Debtor's use of Cash Collateral can be extended beyond June 15, 2013, shall be held on **June __, 2013 at ____ _.m. before the Honorable Magdeline D. Coleman, United States Bankruptcy Judge, in Courtroom No. 5, Robert N.C. Nix Sr. Federal Building, 900 Market Street, Philadelphia, PA 19107**.

7. A copy of this Order shall be served on or before May __, 2013, by Debtor's counsel upon (i) the twenty largest unsecured creditors in this bankruptcy case, (ii) the Office of the United States Trustee, (iii) all parties who have timely filed requests for notices under Bankruptcy Rule 2002, (iv) counsel for PNC Bank, and (v) all parties known to the Debtor to have liens on or a security interest in Cash Collateral.

8. Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy Procedure or any other Bankruptcy Rule, this Order shall take effect immediately upon its entry.

9. This Court shall retain exclusive jurisdiction to enforce and interpret the terms of this Order.

**BY THE COURT:**

________________________________

MAGDELINE D. COLEMAN
U.S. BANKRUPTCY JUDGE