**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:**<br><br>**COOPER-BOOTH WHOLESALE COMPANY, L.P.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14519 (MDC)** |
| **In re:**<br><br>**COOPER-BOOTH MANAGEMENT COMPANY, INC.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14522 (MDC)** |

## ORDER

**AND NOW,** this ___ day of _______, 2013, upon consideration of the Motion (the "Motion")[1] of Cooper-Booth Wholesale Company, L.P. and Cooper-Booth Management Company, Inc. (collectively, the "Debtors") for an Order (A) authorizing, but not directing, the Debtors to pay certain pre-petition (i) wages, salaries, and other compensation that remain unpaid (together with the Uncashed Checks, the "Unpaid Compensation"), (ii) payroll deductions, including, without limitation, (a) garnishments, child support, and similar deductions, and (b) other pre-tax and after-tax deductions payable pursuant to certain of the Employee benefit plans discussed in the Motion (such as the Employee's share of health care benefits and insurance premiums, legally ordered deductions, and miscellaneous deductions) (collectively, the "Deductions") and the withheld amounts related to federal, state, and local income taxes, social security and Medicare taxes, and the Debtors' matching amounts for Social Security and Medicare taxes and additional amounts for federal and state unemployment insurance (the "Payroll Taxes"), (iii) certain work-related expenses incurred

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

by the Employees on behalf of the Debtor (the "Reimbursable Expenses"), and (iv) amounts accrued in relation to the Debtors' health insurance and benefits programs, including health care, vacation time and other paid leaves of absence, retirement savings plans, programs, safety and attendance bonus plans, life insurance, and accident and dismemberment isnurance (collectively, the "Employee Benefit Programs"); (B) confirming that the Debtors may continue their Employee Benefit Programs in the ordinary course of business; and (C) authorizing and directing banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing, and after notice and hearing, it is hereby

**ORDERED,** that the Motion is **GRANTED**; it is further

**ORDERED,** that the Debtors are authorized, but not directed, to honor and pay upon entry of this Order the Employee Obligations in accordance with the Debtors' stated policies and pre-petition practices, including, but not limited to, pre-petition amounts owed in connection with Unpaid Compensation and Benefits; it is further

**ORDERED,** that the Debtors will not pay Employees amounts in excess of the $12,475.00 cap imposed by section 507(a)(4) and (5) of the Bankruptcy Code; it is further

**ORDERED,** that the Debtors are authorized, but not directed, to continue to allocate and distribute the Deductions and the Payroll Taxes in accordance with the Debtors' stated policies and pre-petition practices; it is further

**ORDERED,** that the Debtors are authorized, but not directed, to pay the Reimbursable Expenses in accordance with the Debtors' stated policies and pre-petition practices; it is further

**ORDERED,** that the Debtors are authorized, but not directed, to honor the Employee Benefit Programs, make any necessary contributions to such programs and pay any unpaid

premium, claim, or amount owed as of the Petition Date, including, but not limited to, honoring: (a) the Health Insurance Plans; (b) Vacation Time and Leaves of Absence; and (c) the Life Insurance; it is further

**ORDERED,** that the Debtors are authorized, but not directed, to pay all processing fees associated with, and all costs incident to, payment of the Employee Obligations, Unpaid Compensation, Employee Benefits and the Reimbursable Expenses; it is further

**ORDERED,** that the Debtors may, in their sole discretion, continue its pre-petition Employee Benefit Programs in the ordinary course of business and pay any amounts owed with respect thereto in the ordinary course of business; it is further

**ORDERED,** that the banks and financial institutions on which checks were drawn or electronic payment requests were made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order; it is further

**ORDERED,** that the Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any pre-petition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution; it is further

**ORDERED,** that the requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion; and it is further

**ORDERED,** that notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**BY THE COURT:**

________________________________________

**HONORABLE MAGDELINE D. COLEMAN**
UNITED STATES BANKRUPTCY JUDGE