**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:**<br><br>**COOPER-BOOTH WHOLESALE COMPANY, L.P.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14519(MDC)** |
| **In re:**<br><br>**COOPER-BOOTH TRANSPORTATION COMPANY, L.P.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14521(MDC)** |
| **In re:**<br><br>**COOPER-BOOTH MANAGEMENT COMPANY, INC.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14522(MDC)** |

**MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS: (I) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICES; (II) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCEOF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE PURSUANT TO 11 U.S.C. § 366**

Cooper-Booth Wholesale Company, L.P.; Cooper-Booth Transportation Company, L.P.; and Cooper-Booth Management Company, Inc. (collectively, the "Debtors"), by and through their proposed counsel, Maschmeyer Karalis P.C., hereby request entry of interim and final Orders: (i) prohibiting utilities from altering, refusing or discontinuing services on the basis of the commencement of this case or on account of any unpaid invoice for service provided prior to the Petition Date; (ii) deeming utility companies to have adequate assurance of payment; and (iii)

establishing procedures for determining requests for additional assurance pursuant to 11 U.S.C. § 366 (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested by this Motion are sections 105(a) and 366 of the Bankruptcy Code.

## BACKGROUND

2. On May 21, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have remained in possession of their assets and have continued management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in this case. No official committee of unsecured creditors has been appointed in this case.

4. A detailed description of the Debtors' businesses and the facts precipitating the filing of the Debtors' Chapter 11 proceedings are set forth in the Declaration of Barry Margolis in Support of First Day Motions. Those facts, to the extent relevant, are incorporated herein by reference.

## RELIEF REQUESTED

5. The Debtors seek entry of Interim and Final Orders, in the forms attached hereto, pursuant to 11 U.S.C. § 366 prohibiting the utility companies (the "Utility Companies") listed on

Exhibit "A" from (i) altering, refusing or discontinuing services on the basis of the commencement of this case or on account of any unpaid invoice for service provided prior to the Petition Date; (ii) deeming the Utility Companies adequately assured of future performance on the basis of payment of a two-week deposit; (iii) establishing procedures for resolving requests for additional assurance of payment and (iv) authorizing the Debtor to supplement the Utility Companies, to add Utility Companies not presently listed, but subsequently discovered.

6. In connection with their business operations, the Debtors obtain electric, gas, water, telephone and other utility services (the "Utility Services") from the Utility Companies.

7. In order for the Debtors to continue to operate their businesses, the Debtors must continue to receive services from the Utility Companies. Loss of the Utility Services or even a temporary interruption thereof would be extremely harmful to the Debtors. The Debtors estimate that the average monthly utility payments to the Utility Companies is approximately $24,104.00 as indicated on Exhibit "A". Therefore, the Debtors propose to make deposits totaling $12,052.00.

8. Uninterrupted utility services are essential to the Debtors ongoing operations and eventual reorganization. Should one or more of the Utility Companies discontinue service even for a brief period, the Debtors operations would be severely disrupted, if not shut down. It is critical that utility services continue uninterrupted.

## Adequate Assurance of Payment

9. Section § 366 of the Bankruptcy Code prohibits utility companies from altering, refusing or discontinuing service to a debtor for the first twenty (20) days of a bankruptcy case (the "Utility Stay Period"). Upon expiration of the Utility Stay Period, section 366 provides that

a utility company may terminate service if a debtor has not provided such utility with adequate assurance of payment. Section 366(c)(1)(A) provides that the "'assurance of payment' means (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility company and the debtor or trustee." See, 11 U.S.C. § 366(c)(1)(A).

10. In accordance with 11 U.S.C. § 366(c)(1)(A), the Debtors propose to provide a security deposit equal to approximately one-half month's estimated average utility consumption (the "Utility Deposit") to each Utility Company listed on Exhibit "A", within twenty (20) business days after the entry of a Final Order granting this Motion.

11. Consistent with the Debtors' past practices, the Debtors will pay all undisputed utility invoices for post-petition services on a timely basis during their Chapter 11 proceedings.

12. Moreover, the Debtors seek to establish reasonable procedures by which the Utility Companies may request additional assurance of future payment, in the event that a Utility Company believes that the Utility Deposit does not provide adequate assurance. The Debtors submit that reasonable procedures (the "Procedures") would provide that:

(a) Absent any further order of this Court and except as otherwise provided herein, the Utility Companies may not alter, refuse or discontinue services to, or discriminate against, the Debtors on account of the commencement of these Chapter 11 cases or any unpaid prepetition charges, or request payment of an additional deposit or receipt of other security in connection with any unpaid prepetition charges;

(b) The Debtors will serve the Motion (to the extent not already served) and the Interim Order, if granted by the Court, via first class mail, within five (5) business days after

the Interim Order is entered by the Court, on each of the Utility Companies identified on Exhibit "A" attached hereto. In the event that any Utility Company was omitted from Exhibit "A", the Debtors shall have the right to supplement Exhibit "A" and shall promptly provide notice of the Interim Order upon learning of such Utility Company;

(c) Any Utility Company may request additional assurance of payment (an "Additional Payment Request") within thirty (30) days after the Petition Date (the "Additional Payment Request Deadline") by submitting the request to counsel to the Debtors, Maschmeyer Karalis P.C., 1900 Spruce Street, Philadelphia, PA 19103, Attention: Aris J. Karalis, Esquire;

(d) Any Additional Payment Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other pre-payments or assurances previously provided by the Debtors, (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, (v) include a proposal for what would constitute adequate assurance from the Debtors, along with an explanation of why such proposal is reasonable;

(e) If a Utility Company makes a timely Additional Payment Request that the Debtors believe is reasonable, the Debtors shall be authorized in their sole discretion to comply with such request without further order of the Court;

(f) If the Debtors believe that a Utility Company's Additional Payment Request is unreasonable, the Debtors will schedule a hearing before the Court (a "Determination

Hearing") to determine adequate assurance to such Utility Company as necessary, or if additional assurance as to payment to such Utility Company is necessary;

(g) Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such party shall be prohibited from altering, refusing or discontinuing utility service to the Debtors;

(h) If a Utility Company fails to send an Additional Payment Request by the Additional Payment Request Deadline, such Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received adequate assurance of payment in accordance with § 366(c)(1)(A) by virtue of the Utility Deposit; and

(i) A Utility Company shall be deemed to have adequate assurance of payment unless and until a future Order of this Court is entered requiring further adequate assurance of payment.

**Basis for Relief**

13. Section 366 of the Bankruptcy Code states as follows:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee of the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On the request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.
>
> (c)(1)(A) For purposes of this subsection, the term "assurance of payment" means-

(i) a cash deposit;
(ii) a letter of credit;
(iii) a surety bond;
(iv) a prepayment of utility consumption; or
(v) another form of security that is mutually agreed on between the utility and the debtor or the trustee.

(B) For purposes of this subsection an administrative expense priority shall not constitute an assurance of payment.

(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

(3)(A) On request of a party in interest and after notice and hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

(B) In making a determination under this paragraph whether an assurance of payment is adequate, the court may not consider-

(i) the absence of security before the date if the filing of the petition;

(ii) the payments by the debtor of charges for utility services in a timely manner before the date of the filing of the petition; or

(iii) the availability of an administrative expense priority.

(4) Notwithstanding any other provision of law, with respect to a case subject to this subsection, a utility may recover or set off against a security deposit provided to the utility by the debtor before the date of the filing of the petition without notice or order of the court.

See, 11 U.S.C. § 366.

14. While the Bankruptcy Code specifies the form of assurance that is adequate, the amount of assurance that must be provided is solely within this Court's discretion. Courts generally look to the facts and circumstances of each case to ensure that utility companies were not subjected to an unreasonable risk of nonpayment for post-petition services. See, e.g., In re

Kevdata Cork, 12 B.R. 156, 158 (1st Cir. BAP 1981). Courts construing 11 U.S.C. § 366(b) have long recognized that adequate assurance of payment does not constitute an absolute guaranty of the debtor's ability to pay. See, e.g., In re Caldor, Inc. NY, 199 B.R. 1, 3 (S.D.N.Y. 1996), In re Penn Jersey Corp., 72 B.R. 981, 982 (Bankr. E.D.Pa. 1987).

15. Further, in determining what constitutes "adequate" assurance, a bankruptcy court should "focus upon the need of the utility for assurance, and ... require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." See, Virginia Elec. & Power Co. v. Caldor Inc. NY, 117 F.3d 646, 650 (2d Cir. 1997) (quoting Penn Jersey, 72 B.R. at 985).

16. As set forth above, if Utility Companies are permitted to terminate utility services on the twenty-first day after the Petition Date, a substantial disruption of the Debtors' operations will occur, and the Debtors' businesses will be irreparably harmed. If faced with imminent termination of utility services, the Debtors would then be forced to pay whatever amounts are demanded by the Utility Companies to avoid the cessation of essential utility services and, ultimately, the demise of their businesses.

17. The Debtors submit that the Procedures set forth herein provide an orderly process for providing adequate assurance of payment to the Utility Companies, without risking irreparable harm to their estates. The Court has discretion to modify any request for assurance of payment and that the assurance of payment need only be adequate in light of the facts and circumstances of a given case. However, as set forth above, and in accordance with § 366(c)(1)(A), the Debtors will provide additional assurance of payment, if deemed necessary by the Court, and if a Utility Company makes an Additional Payment Request.

18. Without the Procedures, the Debtors could be forced to address numerous requests by Utility Companies in a haphazard manner. The Debtors could be forced to capitulate to almost any demands made by their Utility Companies, or face the discontinuation of utility services. The orderly process contemplated by the procedures set forth herein will avert such a potentially disastrous outcome, enabling the Debtors to make a smooth transition into Chapter 11, while ensuring a fair process for providing adequate assurance to the Utility Companies as required by the Bankruptcy Code.

19. The Procedures similar to the procedures detailed herein have been approved by bankruptcy courts in this Circuit under the standards set forth by Congress in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. See e.g., In re Trenton Convalescent Center Urban Renewal Associates, L.P., et al., Case No. 07-25875(GMB) (Bankr.D.N.J. Dec. 7, 2007), In re TKC Marlton, Inc., Case No. 06-18759(GMB) (Bankr.D.N.J. Sept. 21, 2006).

20. Accordingly, based on the foregoing facts and authorities, the Debtors believe that granting the relief requested herein will not prejudice the rights of the Utility Companies under § 366 of the Bankruptcy Code.

21. Additionally, this Court has the authority to grant the relief requested herein under 11 U.S.C. § 105(a), which permits the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." See, 11 U.S.C. § 105(a). In that regard, the Court should note that payments to the Utility Companies on behalf of the Debtors is essential to the Debtors' cases in that any failure to receive services from the Utility Companies will invariably result in a disruption in the Debtors' operations, and a consequent interruption of revenues received directly from them.

22. The Debtors request that the Court fix a return date for the final order no later than thirty (30) days after the Petition Date, which would allow the Debtors ample time to provide notice of the final hearing date by United States first class mail, postage prepaid.

**WHEREFORE**, the Debtors respectfully request the entry of the Interim and Final Orders (i) prohibiting the Utility Companies from altering, refusing or discontinuing services on the basis of the commencement of this case or on account of any unpaid invoice for service provided prior to the Petition Date; (ii) deeming the Utility Companies adequately assured of future performance on the basis of the establishment of the Utility Deposits; (iii) establishing procedures for resolving requests for additional assurance of payment; and (iv) granting such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**MASCHMEYER KARALIS P.C.**

By: /s/ Robert W. Seitzer
ARIS J. KARALIS
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
Proposed Attorneys for the Debtors

Dated: May 21, 2013