**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:**<br><br>**COOPER-BOOTH WHOLESALE COMPANY, L.P.**<br><br>**Debtor** | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14519(MDC)** |
| **In re:**<br><br>**COOPER-BOOTH TRANSPORTATION COMPANY, L.P.**<br><br>**Debtor** | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14521(MDC)** |
| **In re:**<br><br>**COOPER-BOOTH MANAGEMENT COMPANY, INC.**<br><br>**Debtor** | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14522(MDC)** |

**INTERIM ORDER: (I) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE; (II) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE OF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE PURSUANT TO 11 U.S.C. § 366**

**AND NOW**, this _____ day of _______, 2013, upon consideration of the motion (the "Motion")[1] of the above-captioned debtors-in-possession (collectively, the "Debtors") for entry of interim and final orders pursuant to 11 U.S.C. § 366: (i) prohibiting the Utility Companies from altering, refusing or discontinuing services to the Debtors on the basis of the commencement of these cases or on account of any unpaid invoices for services provided prior to the Petition Date; (ii) deeming the Utility Companies adequately assured of future performance on the basis of the establishment of a Utility Deposit; and (iii) establishing

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them in the Motion.

procedures for resolving requests for additional assurance of payment, notice of the Motion being sufficient under the circumstances; and sufficient cause appearing therefor, it is hereby **ORDERED**, as follows:

1. The Motion is **GRANTED** on an interim basis.

2. Until such time as the Final Order is entered by the Court, all Utility Companies are prohibited from: (i) altering, refusing or discontinuing services to, or discriminating against, the Debtors on the basis of the commencement of these cases or on account of any unpaid invoice for services provided prior to the Petition Date; and (ii) requiring payment of a deposit or receipt of any other security for continued services as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices other than as set forth in the Motion.

3. The Motion (to the extent not already served) and this Interim Order shall be served, via first class mail, on each Utility Company the Debtors believe could be affected by the Motion and all other parties required to receive service under Fed.R.Bankr.P. 2002 within five (5) days of entry of this Interim Order.

4. The deadline by which objections to the Motion and the Final Order must be filed is ____________**, 2013 at 4:00 p.m.**

5. A final hearing, if required, on the Motion will be held on ______________ at ________ _.m. in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Federal Building, Courtroom No. __, 900 Market Street, Philadelphia, PA 19107.

6. If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

**BY THE COURT:**

________________________________________

HONORABLE MAGDELINE D. COLEMAN,
UNITED STATES BANKRUPTCY JUDGE