**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:**<br><br>**COOPER-BOOTH WHOLESALE COMPANY, L.P.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14519(MDC)** |
| **In re:**<br><br>**COOPER-BOOTH TRANSPORTATION COMPANY, L.P.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14521(MDC)** |
| **In re:**<br><br>**COOPER-BOOTH MANAGEMENT COMPANY, INC.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14522(MDC)** |

**DEBTORS' MOTION FOR AN ADMINISTRATIVE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 AND LOCAL BANKRUPTCY RULE 2016-5 ESTABLISHING PROCEDURES FOR MONTHLY INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

Cooper-Booth Wholesale Company, L.P.; Cooper-Booth Transportation Company, L.P.; and Cooper-Booth Management Company, Inc. (collectively, the "Debtors"), by and through their proposed counsel, Maschmeyer Karalis P.C., hereby moves this Court for an Administrative Order, pursuant to 11 U.S.C. §§ 105(a) and 331 of Title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Local Bankruptcy Rule 2016-5, establishing procedures for monthly interim compensation and reimbursement of expenses for professionals (the "Motion"), and in support thereof, aver as follows:

## BACKGROUND

1. On May 21, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have remained in possession of their assets and continued management of their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. A detailed description of the Debtors' businesses and the facts precipitating the filing of the Debtors' Chapter 11 proceedings are set forth in the Declaration of Barry Margolis in Support of First Day Motions. Those facts, to the extent relevant, are incorporated herein by reference.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 18 U.S.C. § 157(b).

4. Venue of the Debtors' Chapter 11 cases and this motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

5. Section 331 of the Bankruptcy Code authorizes professionals to submit applications for interim compensation and reimbursement of expenses every one hundred twenty (120) days or more often, if the Court permits. See, 11 U.S.C. § 331. In addition, § 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." See, 11 U.S.C. § 105(a).

6. Pursuant to 11 U.S.C. §§ 105(a) and 331 and Local Bankruptcy Rule 21016-5, the Debtors seek the entry of an order authorizing an orderly, regular process for allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals retained by the Debtors or any official committee that may be appointed in these cases (individually, a "Professional," and collectively, the "Professionals") and who are required to file applications with the Court for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 331.

7. The Debtors submit that the proposed procedure for compensating and reimbursing the Professionals will enable the Court and all parties-in-interest to monitor professional fees and costs incurred more effectively and on a more current basis.

8. The proposed procedure is as follows:

1. On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each Professional seeking compensation shall file with the Court and serve a monthly fee and expense statement (the "Monthly Fee Statement") by CM/ECF, e-mail or regular mail on: (i) counsel for the Debtor, Maschmeyer Karalis, P.C. (Attention: Aris J. Karalis, Esquire); (ii) counsel for the Debtors' pre-petition lenders; (iii) counsel for the Debtors' post-petition lenders (f any); (iv) the United States Trustee for the Eastern District of Pennsylvania; (v) counsel for the Official Committee of Unsecured Creditors (the "Committee") or, if no Committee has been appointed in these Chapter 11 Cases, the Debtors' twenty (20) largest unsecured creditors; and (vi) all parties filing an entry of appearance and request for notices pursuant to Fed.R.Bankr.P. 2002 (collectively, the "Notice Parties").

(a) Each Monthly Fee Statement shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Federal Rules") and the Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

(b) All timekeepers must maintain contemporaneous time entries for each individual listed in the Monthly Fee Statement in increments of tenths (1/10th) of an hour.

2. Each person receiving a Monthly Fee Statement shall have twenty-one (21) days after service thereof to review it (the "Objection Deadline"). Upon expiration of the Objection Deadline, each Professional may file and serve on the Notice Parties a certificate of no objection or a certificate of partial objection, whichever is applicable, after which the Debtors are authorized to pay, to the extent so authorized by its cash collateral or financing order(s), each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in the Monthly Fee Statement, or (ii) eighty (80%) percent of the fees and one hundred (100%) percent of the expenses not subject to any objection.

3. Any objection to a Monthly Fee Statement (the "Objection") shall be in writing and filed with the Court and simultaneously served on the Notice Parties on or before the Objection Deadline. The Objection shall set forth the nature of the Objection and the amount of fees and/or expenses at issue. If the Debtors receive an Objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph 2 above.

4. If the parties to an Objection can resolve their respective dispute(s) following the service of the Objection, and the party whose Monthly Fee Statement was objected to serves on all the Notice Parties a statement indicating that the Objection is withdrawn and describing in detail the terms of the resolution, then the Debtors, to the extent so authorized by their cash collateral or financing order(s), shall promptly pay in accordance with paragraph 2 above that portion of the Monthly Fee Statement which is no longer subject to an Objection.

5. If the parties are unable to resolve the Objection within twenty-one (21) days after service thereof, then the affected professional may either (a) file a response to the Objection, together with a request for payment of the difference, if any, between the Actual Interim Payment and the non-objected to portion of the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (b) forego payment of the Incremental Amount until the next interim or final fee application, at which time the Court will consider and dispose of the Objection, if so requested.

6. The service of an Objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.

7. The decision by any party not to object to a Monthly Fee Statement shall not be deemed or construed as a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

8. Parties can file at four (4) month intervals (the "Interim Period") interim fee applications. Each Professional seeking approval of its interim fee application shall file with the Court and serve on the Notice Parties an interim application for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. § 331 of the amounts sought in the Monthly Fee Statements issued during such period (an "Interim Fee Application"). An Interim Fee Application must be filed and served within forty-five (45) days of the conclusion of the Interim Period, with the first Interim Period to cover the period from the commencement of the cases until the end of the fourth (4th) month following the commencement of the case.

   (a) Interim Fee Applications must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court and shall comply with the mandates of the Bankruptcy Code, the Federal Rules, the Local Rules and the applicable Third Circuit law.

(b) Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under this Order until such time as the Interim Fee Application is submitted.

(c) The pendency of an Objection to a particular Monthly Fee Statement or Interim Fee Application shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

(d) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement, as provided herein, shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses to any Professionals.

9. Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930 fees or that a manifest exigency exists.

10. The Debtors shall include all payments to Professionals on their monthly operating reports detailed so as to state the amount paid to Professionals.

11. All time periods set forth in this Order shall be determined in accordance with Fed.R.Bankr.P. 9006(a).

9. The procedure suggested herein will enable the Debtors and all parties to closely monitor costs of administration, and maintain a more level cash flow availability, and implement efficient cash management procedures. Moreover, these procedures will also enable the Court and key parties-in-interest to ensure the reasonableness of the compensation and reimbursement sought pursuant to such procedures on a more regular basis.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE,** the Debtors respectfully request that this Court enter an Order authorizing the Professionals to receive monthly interim compensation and reimbursement of expenses in accordance with the procedures described herein, granting the relief requested herein, and for such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**MASCHMEYER KARALIS P.C.**

By: /s/ Robert W. Seitzer
ARIS J. KARALIS
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
Proposed Attorneys for the Debtors

Dated: May 21, 2013