**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:**<br><br>**COOPER-BOOTH WHOLESALE COMPANY, L.P.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14519(MDC)** |
| **In re:**<br><br>**COOPER-BOOTH TRANSPORTATION COMPANY, L.P.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-14521(MDC)** |
| **In re:**<br><br>**COOPER-BOOTH MANAGEMENT COMPANY, INC.**<br><br>**Debtor** | : | **CHAPTER 11**<br><br>**BANKRUPTCY NO. 13-13-14522(MDC)** |

**ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO PROFESSIONALS**

**AND NOW,** this _____ day of _________, 2013, upon consideration of the Debtors' Motion for an Administrative Order Pursuant to 11 U.S.C. §§ 105(a) and 331 and Local Bankruptcy Rule 2016-5 Establishing Procedures for Monthly Interim Compensation and Reimbursement of Expenses for Professionals (the "Motion"); and the Court having considered all the motion papers, the opposition thereto, if any, and the arguments of counsel, if any; and the Court having determined that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and other good cause having been shown

**IT IS ORDERED,** as follows:

Except as may otherwise be provided in an Order of this Court authorizing the retention of specific professionals, all professionals retained in this case pursuant to § 327 and, to the extent applicable, §§ 328(a) and 1103 of the Bankruptcy Code (the "Professionals"), may seek interim compensation, subject to the funds available and so authorized by the Debtors' cash collateral or financing order(s), in accordance with the following procedure:

1. On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each Professional seeking compensation shall file with the Court and serve a monthly fee and expense statement (the "Monthly Fee Statement") by CM/ECF, e-mail or regular mail on: (i) counsel for the Debtor, Maschmeyer Karalis, P.C. (Attention: Aris J. Karalis, Esquire); (ii) the Debtors' pre-petition secured creditors or their counsel; (iii) the Debtors' post-petition lenders (if any) or their counsel; (iv) the United States Trustee for the Eastern District of Pennsylvania; (v) counsel for any Official Committee of Unsecured Creditors (the "Committee") or, if no Committee has been appointed in these Chapter 11 Cases, the Debtors' twenty (20) largest unsecured creditors; and (vi) all parties filing an entry of appearance and request for notices pursuant to Fed.R.Bankr.P. 2002 (collectively, the "Notice Parties").

a. Each Monthly Fee Statement shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Federal Rules") and the Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

b. All timekeepers must maintain contemporaneous time entries for each individual listed on the Monthly Fee Statement in increments of tenths ($1/10^{th}$) of an hour.

2. Each person receiving a Monthly Fee Statement shall have twenty-one (21) days after service thereof to review it (the "Objection Deadline"). Upon expiration of the Objection Deadline, each Professional may file and serve on the Notice Parties a certificate of no objection

or a certificate of partial objection, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in the Monthly Fee Statement, or (ii) eighty (80%) percent of the fees and one hundred (100%) percent of the expenses not subject to any objection.

3. Any objection to a Monthly Fee Statement (the "Objection") shall be in writing and filed with the Court and simultaneously served on the Notice Parties on or before the Objection Deadline. The Objection shall set forth the nature of the Objection and the amount of fees and/or expenses at issue. If the Debtors receive an Objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph 2 above.

4. If the parties to an Objection can resolve their respective dispute(s) following the service of the Objection, and the party whose Monthly Fee Statement was objected to serves on all the Notice Parties a statement indicating that the Objection is withdrawn and describing in detail the terms of the resolution, then the Debtors, to the extent so authorized by its cash collateral or financing order(s), shall promptly pay in accordance with paragraph 2 above that portion of the Monthly Fee Statement which is no longer subject to an Objection.

5. If the parties are unable to resolve the Objection within twenty-one (21) days after service thereof, then the affected professional may either (a) file a response to the Objection, together with a request for payment of the difference, if any, between the Actual Interim Payment and the non-objected to portion of the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (b) forego payment of the Incremental Amount

until the next interim or final fee application, at which time the Court will consider and dispose of the Objection, if so requested.

6. The service of an Objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.

7. The decision by any party not to object to a Monthly Fee Statement shall not be deemed or construed as a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

8. Parties can file at four (4) month intervals (the "Interim Period") interim fee applications. Each Professional seeking approval of its interim fee application shall file with the Court and serve on the Notice Parties an interim application for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. § 331 of the amounts sought in the Monthly Fee Statements issued during such period (an "Interim Fee Application"). An Interim Fee Application must be filed and served within forty-five (45) days of the conclusion of the Interim Period, with the first Interim Period to cover the period from the commencement of the case until the end of the fourth (4th) month following the commencement of the cases.

a. Interim Fee Applications must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court and shall comply with the mandates of the Bankruptcy Code, the Federal Rules, the Local Rules and the applicable Third Circuit law.

b. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under this Order until such time as the Interim Fee Application is submitted.

c. The pendency of an Objection to a particular Monthly Fee Statement or Interim Fee Application shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

d. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement, as provided herein, shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses to any Professionals.

9. Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930 fees, or that a manifest exigency exists.

10. The Debtors shall include all payments to Professionals on its monthly operating reports detailed so as to state the amount paid to Professionals.

11. All time periods set forth in this Order shall be determined in accordance with Fed.R.Bankr.P. 9006(a).

**BY THE COURT:**

________________________________________

HONORABLE MAGDELINE D. COLEMAN,
UNITED STATES BANKRUPTCY JUDGE